UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JANE DOE NO. 38, and JANE DOE NO. 39
by and through MOTHER DOE and
FATHER DOE, as parents and natural
guardians, and  MOTHER DOE and
FATHER DOE, individually,

       Plaintiff,

vs.

SEAGULL INDUSTRIES FOR THE
DISABLED, INC., D/B/A SEAGULL
ACADEMY FOR INDEPENDENT LIVING,

      Defendants.

_____/

## COMPLAINT

Plaintiffs, JANE DOE NO. 38 and JANE DOE NO. 39, by and through MOTHER DOE

and FATHER DOE as parents and natural guardians, and MOTHER DOE and FATHER DOE

individually, bring this Complaint against Defendant, SEAGULL INDUSTRIES FOR THE

DISABLED, INC., D/B/A SEAGULL ACADEMY FOR INDEPENDENT LIVING, as follows:

### PARTIES AND JURISDICTION

1.    This is an action for damages caused to two autistic sisters, approximately 13 and

14 years old, respectively, physically battered and sexually assaulted multiple times by *adult*

male students under the supervision of SEAGULL ACADEMY FOR INDEPENDENT LIVING,

a school for the developmentally challenged.  SEAGULL ACADEMY FOR INDEPENDENT

LIVING has a systemic problem of adult male students physically and sexually harassing,



abusing and assaulting young female students. It knew of this problem, yet failed to do anything in response, and with deliberate indifference allowed the physical and sexual abuse to continue.

2.      Plaintiff JANE DOE NO. 38 is a minor child and a resident of Riviera Beach, Florida. MOTHER DOE and FATHER DOE are *sui juris* and adult residents of Riviera Beach, Florida. MOTHER DOE and FATHER DOE are the parents and natural guardians of JANE DOE NO. 38.

3.      Plaintiff JANE DOE NO. 39 is a minor child and a resident of Riviera Beach, Florida. MOTHER DOE and FATHER DOE are *sui juris* and adult residents of Riviera Beach, Florida. MOTHER DOE and FATHER DOE are the parents and natural guardians of JANE DOE NO. 39.

4.      Plaintiffs are identified by pseudonyms because this action alleges intimate facts concerning the sexual assault of minors, and Plaintiffs fear additional psychological damage if Plaintiffs' names were placed in the public record. The identities of Plaintiffs are either known to Defendant or will be disclosed to Defendant forthwith.

5.      Defendant SEAGULL INDUSTRIES FOR THE DISABLED, INC. ("SEAGULL INDUSTRIES") is a Florida non-profit corporation doing business in West Palm Beach, Florida. SEAGULL INDUSTRIES provides educational, social, vocational and residential programs for developmentally challenged individuals.

6.      SEAGULL INDUSTRIES owns and operates SEAGULL ACADEMY FOR INDEPENDENT LIVING.

7.      SEAGULL ACADEMY FOR INDEPENDENT LIVING ("SAIL") is a private charter school for students with developmental challenges and learning disabilities.



8.      The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1367, and 20 U.S.C. §1681(a) et seq.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(c).

9.      The Court has venue of this action under 28 U.S.C. §1391 as the Defendant resides in this District and the events and omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

10.     JANE DOE NO. 38 was born in 1998 and was approximately 13 years old during the relevant time period.  JANE DOE NO. 39 was born in 1997 and was approximately 14 years old during the relevant time period.  Both girls are developmentally challenged and have been diagnosed with autism. Jane Doe No. 38 and Jane Doe No. 39 are collectively referred to herein as the "JANE DOES".

11.     In or about 2012 – 2013, the JANE DOES were students at SAIL.

12.     Due to their disability, MOTHER DOE put her trust and confidence in SAIL's management and staff and the people assigned to work with the JANE DOES to protect them and keep them safe.

13.     At all relevant times, SAIL provided education for developmentally challenged individuals aged 12-22, and also had as students significantly older persons.  In doing so, SAIL allowed developmentally challenged adults to interact in a close environment with developmentally challenged minors.

14.     At all relevant times, SAIL was aware or should have been aware of the danger in mixing developmentally challenged men with developmentally challenged minor females absent adequate safeguards.  This interaction required heightened supervision to protect the vulnerable,



disabled younger population. Further, this type of interaction required SAIL to ensure that the adult males interacting with the minor females were safe. SAIL ignored the foreseeability of adult male students physically or sexually harassing and abusing minor female students, and allowed unfettered and unsupervised contacts between them.

15.     Among the developmentally challenged adult males at SAIL in 2012, were C.W. age 21, C.M. age 20, and J.J. age 22.

### Misconduct of C.W.

16.     In September, 2010, C.W. was arrested for battery on a minor female. Upon information and belief, SAIL knew of this arrest.

17.     SAIL knew or should have known that C.W. was at risk to batter a minor female at SAIL. This danger was foreseeable because SAIL knew or should have known of C.W.'s prior arrest for battery upon a minor female.

18.     While under the control and supervision of SAIL, C.W. was provided access to JANE DOE NO. 38, and battered JANE DOE NO. 38, consisting of intentional, harmful, unwanted and offensive contact.

19.     While under the control and supervision of SAIL, C.W. was provided access to JANE DOE NO. 39, and battered JANE DOE NO. 39, consisting of intentional, harmful, unwanted and offensive contact.

20.     SAIL knew or should have known that C.W. would physically or sexually assault a minor female at SAIL. This danger was foreseeable because, upon information and belief, SAIL was aware that C.W. had committed sexual assaults and batteries upon minor females at SAIL.



21.     While under the control and supervision of SAIL, C.W. was provided access to JANE DOE NO. 38, and physically and sexually assaulted JANE DOE NO. 38. Upon information and belief, administrators at SAIL became aware of this conduct.

22.     Despite notice of this wrongdoing by an adult male on JANE DOE NO. 38, upon information and belief, SAIL failed to discipline C.W. and still took no action to limit, restrict or control interaction between C.W. and other adult males and minor female students.

23.     While under the control and supervision of SAIL, C.W. was provided access to JANE DOE NO. 39, and physically and sexually assaulted JANE DOE NO. 39.

### Misconduct of J.J.

24.     SAIL knew or should have known that J.J., age 22, would sexually assault a minor female at SAIL.  This danger was foreseeable because, upon information and belief, SAIL was aware that J.J. had sexually assaulted minor females at SAIL.

25.     While under the control and supervision of SAIL, J.J. was provided access to JANE DOE NO. 38, and sexually assaulted JANE DOE NO. 38.  Upon information and belief, SAIL officials became aware of this sexual assault.

26.     Despite notice of this sexual assault by an adult male on JANE DOE NO. 38, upon information and belief, SAIL failed to discipline J.J. and still took no action to limit, restrict or control interaction between adult male and minor female students.  J.J. sexually assaulted JANE DOE NO. 38 again. Upon information and belief, SAIL staff and teachers witnessed the sexual assault of JANE DOE NO. 38 by J.J.

27.     While under the control and supervision of SAIL, J.J. was provided access to JANE DOE NO. 39, and sexually assaulted JANE DOE NO. 39.



### Misconduct of C.M.

28.     SAIL knew or should have known that C.M., age 19, would sexually assault a minor female at SAIL.  This danger was foreseeable because, upon information and belief, SAIL was aware that C.M. had sexually assaulted minor females at SAIL.

29.     While under the control and supervision of SAIL, C.M. was provided access to JANE DOE NO. 38, and sexually assaulted her.  Upon information and belief, this incident was observed by another SAIL student, who informed the Principal of SAIL, Linda Moore.

30.     While under the control and supervision of SAIL, C.M. was provided access to JANE DOE NO. 39, and sexually assaulted JANE DOE NO. 39.

### SAIL'S failure to protect children

31.     A school for developmentally disabled persons must protect the safety of its vulnerable students.

32.     A school for developmentally disabled persons must be careful in mixing children with significantly older adults.

33.     A foreseeable risk of mixing developmentally disabled men with significantly younger developmentally disabled female children is physical and sexual harassment and abuse.

34.     A school for developmentally disabled persons must be careful to protect vulnerable, developmentally disabled children from older adult students who may seek to use them as an outlet for their violent tendencies and to satisfy their sexual urges and desires.

35.     Once a school for developmentally disabled persons learns that one of its adult students has physically battered, sexually assaulted, or otherwise acted inappropriately towards a minor girl, the school must take steps to discipline, separate and/or remove that person from the school's population of vulnerable children.



## COUNT I
### NEGLIGENCE RESULTING IN BATTERY UPON JANE DOE NO. 38

36.     JANE DOE NO. 38 repeats and re-alleges paragraphs 1 through 35 above.

37.     At all material times, SAIL owed a duty to use reasonable care to protect the safety, care, well-being and health of JANE DOE NO. 38 while she was under the care, custody or in the presence of SAIL.  These duties encompassed the protection and supervision of JANE DOE NO. 38, and otherwise providing a safe environment for JANE DOE NO. 38 while on school premises and during school sponsored events and transportation.

38.     SAIL had a special relationship with JANE DOE NO. 38 as a result of their school-student relationship.  SAIL had a duty to take reasonable precautions to avoid the risk that JANE DOE NO. 38 would be physically harmed by C.W., or any other older male student, including, but not limited to, adequately supervising the activities of students on school grounds, during school hours, or on school-sponsored trips, and restricting or controlling interaction between adult male and minor female students.

39.     SAIL had a special relationship with its adult male students, particularly C.W., which imposed a duty upon SAIL to control their conduct, particularly on school grounds, in school transport and at school sponsored events.

40.     SAIL knew or should have known that C.W. had been arrested for battery upon a minor female girl, and it was foreseeable that C.W. would physically harm another minor female at SAIL.

41.     Defendant owed JANE DOE NO. 38 a duty to:

    a.     Supervise the student population in such a manner to prevent physical harm or sexual harassment of child students;



b.     Respond appropriately to allegations of physical misconduct by an adult male student;

c.     Provide a safe environment for JANE DOE NO. 38 where she would be free from acts of battery and physical harm; and

d.     Protect JANE DOE NO. 38 from exposure to C.W., who SAIL knew was dangerous to be around minor girls.

42.     SAIL breached the foregoing duties by failing to (i) adequately supervise C.W. and his contact with minor female students; and (ii) protect JANE DOE NO. 38 from battery committed upon her by C.W. while she was present on school grounds, during school hours, on the premises of SAIL, and during school sponsored field trips and transportation.

43.     As a direct and proximate result of the negligence of SAIL, C.W. committed an intentional, harmful, unwanted and offensive touching upon JANE DOE NO. 38. As a result, JANE DOE 38 has suffered severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

44.     The conduct of SAIL shows a reckless or willful disregard for the safety and well being of JANE DOE NO. 38.

WHEREFORE, Plaintiff JANE DOE NO. 38 demands judgment against Defendant SEAGULL INDUSTRIES FOR THE DISABLED, INC., D/B/A SEAGULL ACADEMY FOR INDEPENDENT LIVING, for compensatory damages, costs of suit and such other and further relief as is just and proper.

## COUNT II
### NEGLIGENCE RESULTING *IN BATTERY UPON JANE DOE NO. 39*

45.     JANE DOE NO. 39 repeats and re-alleges paragraphs 1 through 35 above.



46.     At all material times, SAIL owed a duty to use reasonable care to protect the safety, care, well-being and health of JANE DOE NO. 39 while she was under the care, custody or in the presence of SAIL. These duties encompassed the protection and supervision of JANE DOE NO. 39, and otherwise providing a safe environment for JANE DOE NO. 39 while on school premises and during school sponsored events and transportation.

47.     SAIL had a special relationship with JANE DOE NO. 39 as a result of their school-student relationship. SAIL had a duty to take reasonable precautions to avoid the risk that JANE DOE NO. 39 would be physically harmed by C.W., or any other older male student, including, but not limited to, adequately supervising the activities of students on school grounds, during school hours, or on school-sponsored trips, and restricting or controlling interaction between adult male and minor female students.

48.     SAIL had a special relationship with its adult male students, particularly C.W., which imposed a duty upon SAIL to control their conduct, particularly on school grounds, in school transport and at school sponsored events, to prevent foreseeable harms, including battery.

49.     SAIL knew or should have known that C.W. had been arrested for battery upon a minor female girl, and it was foreseeable that C.W. would physically harm another minor female at SAIL.

50.     Defendant owed JANE DOE NO. 39 a duty to:

a.     Supervise the student population in such a manner to prevent physical harm or sexual harassment of child students;

b.     Respond appropriately to allegations of physical misconduct by an adult male student;



c.      Provide a safe environment for JANE DOE NO. 39 where she would be free from acts of battery; and

d.      Protect JANE DOE NO. 39 from exposure to C.W., who SAIL knew was dangerous to be around minor girls.

51.     SAIL breached the foregoing duties by failing to (i) adequately supervise C.W. and his contact with minor female students; and (ii) protect JANE DOE NO. 39 from battery committed upon her by C.W. while she was present on school grounds, during school hours, on the premises of SAIL, and during school sponsored field trips and transportation.

52.     As a direct and proximate result of the negligence of SAIL, C.W. committed an intentional, harmful, unwanted and offensive touching upon JANE DOE NO. 39.  As a result JANE DOE 39 has suffered severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

53.     The conduct of SAIL shows a reckless or willful disregard for the safety and well being of JANE DOE NO. 39.

WHEREFORE, Plaintiff JANE DOE NO. 39 demands judgment against Defendant SEAGULL INDUSTRIES FOR THE DISABLED, INC., D/B/A SEAGULL ACADEMY FOR INDEPENDENT LIVING, for compensatory damages, costs of suit and such other and further relief as is just and proper.

## COUNT III
### NEGLIGENCE RESULTING IN SEXUAL ASSAULT OF JANE DOE NO. 38

54.     JANE DOE NO. 38 repeats and re-alleges paragraphs 1 through 35 above.

55.     At all material times, SAIL owed a duty to use reasonable care to protect the safety, care, well-being and health of JANE DOE NO. 38 while she was under the care, custody



or in the presence of SAIL.  These duties encompassed the protection and supervision of JANE DOE NO. 38, and otherwise providing a safe environment for JANE DOE NO. 38 while on school premises and during school sponsored events and transportation.

56.    SAIL had a special relationship with JANE DOE NO. 38 as a result of their school-student relationship.  SAIL had a duty to take reasonable precautions to avoid the risk that JANE DOE NO. 38 would be sexually harassed or assaulted by C.W., J.J., C.M., or any other older male student, including, but not limited to, adequately supervising the activities of students on school grounds, during school hours, or on school-sponsored trips, and restricting or controlling interaction between adult male and minor female students.

57.    SAIL had a special relationship with its adult male students, particularly C.W., J.J. and C.M., which imposed a duty upon SAIL to control their conduct, particularly on school grounds, in school transport and at school sponsored events to prevent foreseeable harms, including sexual assault.

58.    Defendant owed JANE DOE NO. 38 a duty to:

a.    Supervise the student population in such a manner to prevent sexual harassment of child students;

b.    Respond appropriately to allegations of sexual assault or inappropriate conduct by an adult male student;

c.    Provide a safe environment for JANE DOE NO. 38 where she would be free from sexual harassment, abuse and assault; and

d.    Protect JANE DOE NO. 38 from exposure to harmful individuals like C.W., J.J., and C.M.



59.     SAIL breached the foregoing duties by failing to (i) adequately supervise its adult male students in their contacts with minor female students; and (ii) protect JANE DOE NO. 38 from sexual harassment, assault and lewd and lascivious acts committed upon her by adult male students while she was present on school grounds, during school hours, on the premises of SAIL, and during school sponsored field trips and transportation.

60.     At all relevant times, SAIL created an environment which fostered sexual abuse against children it had a duty to protect, including JANE DOE NO. 38.

61.     As a direct and proximate result of the negligence of SAIL, JANE DOE NO. 38 suffered severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

62.     The conduct of SAIL shows a reckless or willful disregard for the safety and well being of JANE DOE NO. 38.

WHEREFORE, Plaintiff JANE DOE NO. 38 demands judgment against Defendant SEAGULL INDUSTRIES FOR THE DISABLED, INC., D/B/A SEAGULL ACADEMY FOR INDEPENDENT LIVING, for compensatory damages, costs of suit and such other and further relief as is just and proper.

## COUNT IV
### NEGLIGENCE RESULTING IN THE SEXUAL ASSAULT OF JANE DOE NO. 39

63.     JANE DOE NO. 39 repeats and re-alleges paragraphs 1 through 35 above.

64.     At all material times, SAIL owed a duty to use reasonable care to protect the safety, care, well-being and health of JANE DOE NO. 39 while she was under the care, custody or in the presence of SAIL.  These duties encompassed the protection and supervision of JANE

DOE NO. 39, and otherwise providing a safe environment for JANE DOE NO. 39 while on school premises and during school sponsored events and transportation.

65.     SAIL had a special relationship with JANE DOE NO. 39 as a result of their school-student relationship.  SAIL had a duty to take reasonable precautions to avoid the risk that JANE DOE NO. 39 would be sexually harassed or assaulted by C.W., J.J., C.M., or any other older male student, including, but not limited to, adequately supervising the activities of students on school grounds, during school hours, or on school-sponsored trips, and restricting or controlling interaction between adult male and minor female students.

66.     SAIL had a special relationship with its adult male students, particularly C.W., J.J. and C.M., which imposed a duty upon SAIL to control their conduct, particularly on school grounds, in school transport and at school sponsored events to prevent foreseeable harms, including sexual assaults.

67.     Defendant owed JANE DOE NO. 39 a duty to:

    a.     Supervise the student population in such a manner to prevent sexual harassment of child students;

    b.     Respond appropriately to allegations of sexual assault or inappropriate conduct by an adult male student;

    c.     Provide a safe environment for JANE DOE NO. 39 where she would be free from sexual harassment, abuse and assault; and

    d.     Protect JANE DOE NO. 39 from exposure to harmful individuals like C.W., J.J., and C.M.

68.     SAIL breached the foregoing duties by failing to (i) adequately supervise its adult male students in their contacts with minor female students; and (ii) protect JANE DOE NO. 39



from sexual harassment, assault and lewd and lascivious acts committed upon her by adult male students while she was present on school grounds, during school hours, on the premises of SAIL, and during school sponsored field trips and transportation.

69.     At all relevant times, SAIL created an environment which fostered sexual abuse against children it had a duty to protect, including JANE DOE NO. 39.

70.     As a direct and proximate result of the negligence of SAIL, JANE DOE NO. 39 suffered severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

71.     The conduct of SAIL shows a reckless or willful disregard for the safety and well being of JANE DOE NO. 39.

WHEREFORE, Plaintiff JANE DOE NO. 39 demands judgment against Defendant SEAGULL INDUSTRIES FOR THE DISABLED, INC., D/B/A SEAGULL ACADEMY FOR INDEPENDENT LIVING, for compensatory damages, costs of suit and such other and further relief as is just and proper.

## COUNT V
### NEGLIGENT TRAINING AND POLICIES
### (AS TO JANE DOE NO. 38 and JANE DOE NO. 39)

72.     JANE DOE NO. 38 and JANE DOE NO. 39 repeat and re-allege paragraphs 1 through 35 above.

73.     Defendant SEAGULL INDUSTRIES managed, operated and controlled SAIL. It had a duty to train its teachers, administrators and staff.

74.     This duty encompassed the training of school personnel in student safety and prevention of student-on-student assaults.



75.     This duty also encompassed the creation, implementation and enforcement of policies and procedures for the safety and protection of students when on campus during the school day and during school sponsored events and transportation.

76.     At all relevant times, SAIL had inadequate policies and procedures to protect children it was entrusted to care for and protect, including JANE DOE NO. 38.

77.     At all relevant times, SAIL failed to adequately train teachers and staff in protecting children from student-on-student abuse.

78.     SEAGULL INDUSTRIES failed to exercise reasonable care in providing training to teachers, staff, and administrators at SAIL, and as a result, school personnel were uninformed and unaware of how to handle the mixing of populations of developmentally challenged adult males and minor females, respond to reports of physical or sexual misconduct, or prevent student-on-student assaults and batteries.

79.     SEAGULL INDUSTRIES failed to exercise reasonable care in establishing and implementing policies and procedures at SAIL, and as a result, school personnel were uninformed and unaware of how to handle the mixing of the populations of developmentally challenged adult males and minor females, respond to reports of physical or sexual misconduct, or prevent student-on-student assaults and batteries.

80.     As a direct and proximate result of inadequate training and deficient policies and procedures, JANE DOE NO. 38 and JANE DOE NO. 39 were the victims of intentional, unwanted, offensive and harmful physical or sexual contact by adult male students on multiple occasions on school grounds during the school day, and during school sponsored field trips and transportation, causing them to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.



WHEREFORE, Plaintiffs JANE DOE NO. 38 and JANE DOE NO. 39 demand judgment against SEAGULL INDUSTRIES FOR THE DISABLED, INC., for compensatory damages, costs of suit, and such other and further relief as is just and proper.

### COUNT VI
#### *VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ.*
#### *(AS TO JANE DOE NO. 38)*

81.     JANE DOE NO. 38 repeats and re-alleges paragraphs 1 through 35 above.

82.     At all relevant times, SAIL received federal financial assistance.

83.     JANE DOE NO. 38 had a right to not be subject to sexual discrimination, harassment or abuse while she attended SAIL.

84.     Upon information and belief, at all relevant times, SAIL officials with authority to institute corrective measures, including Principal Linda Moore, had actual notice that JANE DOE NO. 38 had been sexually harassed or abused by adult male students at SAIL.

85.     At all relevant times, SAIL officials had actual notice that C.W., C.M., J.J. and/or other adult male students had engaged in sexual harassment or abuse of minor female students at SAIL.

86.     At all relevant times, SAIL officials had actual notice that allowing adult males at SAIL access to minor females at SAIL without adequate supervision would result in the sexual abuse of the minor females.

87.     SAIL officials with actual notice had authority to institute corrective measures to protect JANE DOE NO. 38 from sexual harassment by adult male students.

88.     In response to actual notice, SAIL officials could have instituted any of a number of corrective measures that would have prevented the sexual harassment and abuse of JANE



DOE NO. 38 while under the school's supervision and control, including without limitation, (i) restricting interaction between developmentally challenged adult male students and minor females; (ii) strictly supervising and monitoring the interaction between populations of the school to protect vulnerable children; (iii) responding to reports and incidents of inappropriate acts or sexual misconduct by adult male students; (iv) implementing policies to prevent student-on-student sexual harassment and assault; (v) adequately training teachers and staff in the prevention of student-on-student sexual harassment and assault; and/or (vi) implementing any such other action reasonably intended or designed to protect JANE DOE NO. 38 and other minor females at SAIL from sexual harassment and assault by adult males at SAIL.

89.     Despite receipt of actual notice, SAIL officials acted with deliberate indifference in failing to (i) restrict or control interaction between adult male students and minor females at SAIL; (ii) adequately supervise and monitor such interaction; (iii) take steps to protect children at SAIL from sexual harassment and assault by adult male students; (iv) implement adequate policies to prevent student-on-student sexual harassment and assault; (v) implement adequate training to teachers and staff to prevent student-on-student sexual harassment and assault; and/or (vi) implement other action to prevent JANE DOE NO. 38 from being sexually harassed and assaulted at SAIL.

90.     As a result of this gross failure to act, JANE DOE NO. 38 was sexually assaulted on school grounds and during school sponsored events and transportation on multiple occasions by adult male students.

91.     Upon information and belief, the decisions of SAIL officials to forego any corrective measures and maintain the status quo were official decisions to ignore the risk of sexual harassment to JANE DOE NO. 38.



92.     This lack of response to actual notice exhibited deliberate indifference to sexual harassment and discrimination.

93.     The sexual harassment, abuse and assault of JANE DOE NO. 38 on school grounds was so pervasive, severe, and continuous that it created an intolerably hostile and damaging environment for JANE DOE NO. 38, and effectively barred her from access to educational opportunity or benefit from SAIL.

94.     JANE DOE NO. 38 has suffered damages as a result, including severe and permanent physical and psychological injuries, shame, humiliation, and inability to enjoy a normal life.

WHEREFORE, Plaintiff JANE DOE NO. 38 demands compensatory damages, attorneys' fees, punitive damages,  and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT VII
### VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ.
### (AS TO JANE DOE NO. 39)

95.     JANE DOE NO. 39 repeats and re-alleges paragraphs 1 through 35 above.

96.     At all relevant times, SAIL received federal financial assistance.

97.     JANE DOE NO. 39 had a right to not be subject to sexual discrimination, harassment or abuse while she attended SAIL.

98.     Upon information and belief, at all relevant times, SAIL officials with authority to institute corrective measures, including Principal Linda Moore, had actual notice that either or both of the JANE DOES had been sexually harassed or abused by adult male students at SAIL.

99.    At all relevant times, SAIL officials had actual notice that C.W., C.M., J.J. and/or other adult male students had engaged in sexual harassment or abuse of minor female students at SAIL.

100.    At all relevant times, SAIL officials had actual notice that allowing adult males at SAIL access to minor females at SAIL without adequate supervision would result in the sexual abuse of the minor females.

101.    SAIL officials with actual notice had authority to institute corrective measures to protect JANE DOE NO. 39 from sexual harassment by adult male students.

102.    In response to actual notice, SAIL officials could have instituted any of a number of corrective measures that would have prevented the sexual harassment and abuse of JANE DOE NO. 39 while under the school's supervision and control, including without limitation, (i) restricting interaction between developmentally challenged adult male students and minor females; (ii) strictly supervising and monitoring the interaction between populations of the school to protect vulnerable children; (iii) responding to reports and incidents of inappropriate acts or sexual misconduct by adult male students; (iv) implementing policies to prevent student-on-student sexual harassment and assault; (v) adequately training teachers and staff in the prevention of student-on-student sexual harassment and assault; and/or (vi) implementing any such other action reasonably intended or designed to protect JANE DOE NO. 39 and other minor females at SAIL from sexual harassment and assault by adult males at SAIL.

103.    Despite receipt of actual notice, SAIL officials acted with deliberate indifference in failing to (i) restrict or control interaction between adult male students and minor females at SAIL; (ii) adequately supervise and monitor such interaction; (iii) take steps to protect children at SAIL from sexual harassment and assault by adult male students; (iv) implement adequate

policies to prevent student-on-student sexual harassment and assault; (v) implement adequate training to teachers and staff to prevent student-on-student sexual harassment and assault; and/or (vi) implement other action to prevent JANE DOE NO. 39 from being sexually harassed and assaulted at SAIL.

104.    As a result of this gross failure to act, JANE DOE NO. 39 was sexually assaulted on school grounds and during school sponsored events and transportation on multiple occasions by adult male students.

105.    Upon information and belief, the decisions of SAIL officials to forego any corrective measures and maintain the status quo were official decisions to ignore the risk of sexual harassment to JANE DOE NO. 39.

106.    This lack of response to actual notice exhibited deliberate indifference to sexual harassment and discrimination.

107.    The sexual harassment, abuse and assault of JANE DOE NO. 39 on school grounds was so pervasive, severe, and continuous that it created an intolerably hostile and damaging environment for JANE DOE NO. 39, and effectively barred her from access to educational opportunity or benefit from SAIL.

108.    JANE DOE NO. 39 has suffered damages as a result, including severe and permanent physical and psychological injuries, shame, humiliation, and inability to enjoy a normal life.

WHEREFORE, Plaintiff JANE DOE NO. 39 demands compensatory damages, attorneys' fees, punitive damages,  and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

### COUNT VIII
### *LOSS OF CONSORTIUM*
### *(AS TO JANE DOE NO. 38)*

109.   MOTHER DOE and FATHER DOE, individually, repeat and re-allege paragraphs 1 through 35 above.

110.   As a result of Defendants' violation JANE DOE NO. 38's common law and constitutional rights, MOTHER DOE and FATHER DOE have suffered and will suffer damages, including loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of JANE DOE NO. 38.

111.   The Defendants' acts and omissions were the direct and proximate cause of the JANE DOE NO. 38's suffering a permanent and total disability.

WHEREFORE, Plaintiffs, MOTHER DOE and FATHER DOE, individually, demand compensatory damages for loss of consortium, costs, and such other and further relief as is just and proper.

### COUNT IX
### *LOSS OF CONSORTIUM*
### *(AS TO JANE DOE NO. 39)*

112.   MOTHER DOE and FATHER DOE, individually, repeat and re-allege paragraphs 1 through 35 above.

113.   As a result of Defendants' violation JANE DOE NO. 39's common law and constitutional rights, MOTHER DOE and FATHER DOE have suffered and will suffer damages, including loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of JANE DOE NO. 39.

114.   The Defendants' acts and omissions were the direct and proximate cause of the JANE DOE NO. 39's suffering a permanent and total disability.



WHEREFORE, Plaintiffs, MOTHER DOE and FATHER DOE, individually, demand compensatory damages for loss of consortium, costs, and such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a jury trial in this action.

Dated: December _3_, 2013.

Respectfully submitted,

HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, Florida  33431
Tel:  305-931-2200
Fax:  305-931-0877

By: _____

    Jeffrey M. Herman
    Florida Bar No. 521647
    jherman@hermanlaw.com
    Stuart S. Mermelstein
    Florida Bar No. 947245
    smermelstein@hermanlaw.com
    Arick W. Fudali
    Florida Bar No. 085899
    afudali@hermanlaw.com